(Jan. 14, 1922.   No. 2707.)

STATE ex rel, READ, State Bank Examiner, v. RYAN, Judge of the District Court of Sixth Judicial Dist.

### SYLLABUS BY THE COURT

Chapter 134, Laws 1921, which provides that the Attorney General, upon a report and opinion of the bank examiner, shall institute proper proceedings "for the purpose of having the bank examiner appointed as receiver" of an insolvent bank, does not make it compulsory on the district judge to whom the application is made to appoint said bank examiner as said receiver, but the judge has discretion in the matter and may appoint another as receiver.

Parker, J., dissenting.

Petition by the Attorney General, on the relation of James B. Read, as State Bank Examiner, for a writ of mandamus against Raymond R. Ryan, Judge of the District Court of the Sixth Judicial District. Writ denied.

Harry S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for petitioner.

F. W. Vellacott, of Silver City, and A. B. Renehan, of Santa Fe, for respondent.

## OPINION OF THE COURT

RAYNOLDS, C. J. This is an original proceeding in mandamus brought by the Attorney General, on the relation of James B. Read, state bank examiner of the state of New Mexico, against Raymond R. Ryan, judge of the district court of the Sixth judicial district, to compel said judge to appoint the bank examiner receiver of the State Bank of Lordsburg, N. M. Upon the filing of the petition of relator in this court an alternative writ of mandamus was issued commanding the respondent to appoint the bank examiner receiver, or show cause why he had not done so. To this writ respondent made a return challenging the constitutionality of the act as an encroachment on the constitutional power of the judiciary.

The admitted facts are as follows: The petitioner, as state bank examiner, proceeding under chapter 134, Laws 1921, after an examination of the affairs and condition of the State Bank of Lordsburg, became satisfied that the bank could not resume business nor liquidate its indebtedness to the satisfaction of all its creditors, and made a report of such examination and his opinion thereon to the Attorney General. The Attorney General then instituted proceedings in the district court of the Sixth judicial district before the respondent, the judge of said court, for the purpose of having said petitioner appointed receiver to take charge of said bank and wind up its affairs. The respondent refused to appoint the petitioner as receiver, but appointed another in his stead.

The sole question in this case is whether or not under chapter 134, Laws 1921, the district judge to whom application for the appointment of a receiver

for an insolvent bank is made is bound to appoint the state bank examiner receiver and has no discretion to appoint another. The statute (chapter 134, Laws 1921) is as follows:

"Upon taking charge of any bank, the state bank examiner shall, as soon as possible, ascertain by a thorough examination of its affairs its actual condition, and if he shall become satisfied that such bank cannot resume business or liquidate its indebtedness to the satisfaction of all of its creditors, he shall make a full and complete report of such examination and his opinion to the Attorney General who shall institute, forthwith, proper proceedings in the proper court for the purpose of having the state bank examiner appointed as receiver to take charge of such bank and wind up its affairs and the business thereof for the benefit of its depositors, creditors and stockholders. Such proceedings shall be governed by the provisions of the general incorporation laws for the winding up of insolvent corporations. And the bank examiner may appoint, with the consent of the district court, special assistant bank examiners and ex officio receivers to assist in the winding up of the affairs of such insolvent banks and such special assistant bank examiners and ex officio receivers shall qualify by subscribing and filing with the bank examiner an oath in form and substance the same as that required by said bank examiner and giving a bond in such form and amount as may be required by the district court, and for their services as such special assistant bank examiners and ex officio receivers they shall receive such compensation as may be fixed by the bank examiner subject to approval by the court; such compensation to be allowed by the court as costs in the case of the appointment of a receiver."

By the terms of this act the Attorney General is to institute proper proceedings for the purpose of having the state bank examiner appointed receiver, but there is nothing in this act, either by its terms or by inference, that makes it the duty of the court to appoint such bank examiner receiver. The act, on the other hand, provides that the proceedings shall be governed by the provisions of the general incorporation laws for the winding up of insolvent corporations (Codification 1915, §§ 954-976, inclusive), and thereby gives to the district court complete control and supervision of the receiver. The bank examiner is not by statute made receiver of insolvent banks, as he is in some jurisdictions,

nor is he a receiver for an insolvent bank appointed by the executive department. Under this statute he applies to the court to be appointed receiver, and is not in any better position by virtue of his office as state bank examiner than any other applicant. We hold that, had the Legislature intended the state bank examiner should be receiver of insolvent banks, it would have so provided, and a different question as to the constitutionality of such act might arise. But the statute does not so provide. It requires the Attorney General to institute proper proceedings for the purpose of having the bank examiner appointed as receiver. The act does not attempt to control the discretion of the court in appointing a receiver, and under it the court may appoint or refuse to appoint the applicant as receiver.

Whether the appointment of a receiver is a judicial act and is not within the constitutional power of the executive or legislative departments we do not decide, but hold in this case that the act which we are considering does not attempt to control the judicial discretion, nor encroach upon the judicial department of the state, but leaves the court free to act upon application of the bank examiner.

For reasons above stated, the writ is denied; and it is so ordered.

DAVIS, J., concurs.

### DISSENTING OPINION

PARKER, J. I dissent. The statute is mandatory as to the appointment of the state bank examiner as receiver of insolvent banks in all cases, and such requirement is not an encroachment upon the judicial power.